# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| **v.** ) | |
| ) | No. 03-3436-CM |
| ) | No. 00-20066-05-CM |
| **SALVADOR MENDEZ-ZAMORA,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

On December 6, 2000, the Grand Jury returned a second superseding indictment that charged defendant, in addition to others, with one count of conspiracy to distribute and possess with intent to distribute more than one kilogram of methamphetamine; one count of distribution and possession with intent to distribute more than fifty grams of methamphetamine; one count of possession with intent to distribute more than 500 grams of methamphetamine; and one count of using a communication device to facilitate drug distribution. A jury found defendant guilty of all counts.

The probation officer prepared a presentence investigation report ("PSI"). The PSI attributed more than fifteen kilograms of methamphetamine to defendant, which resulted in a base offense level of 38. The PSI recommended that the court increase defendant's offense level by four levels due to defendant's leadership role in the organization, another two levels for possession of a dangerous weapon, and two levels for obstruction of justice. The court found that all of the enhancements were warranted – except it increased the offense level by only three for defendant's leadership role – resulting in a final offense level of

45. Defendant was sentenced to life imprisonment.

The case is before the court on defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 245). Defendant asks the court to grant his motion for the following reasons: (1) he was denied effective assistance of counsel; (2) he was denied his right to a jury trial because the court did not follow *Apprendi v. New Jersey*; (3) the disparity in sentencing violated his right to due process; and (4) his sentence is illegal because it is disproportionate. For the following reasons, the court denies the motion.

**I.    Ineffective Assistance of Counsel**

Defendant claims that his counsel did not adequately explain a possible plea agreement to him and failed to properly convey the terms to the prosecutor under which defendant would enter a plea agreement. He also claims that counsel failed to properly impeach the testimony of cooperating defendants and was generally ignorant of the law. Finally, he argues that his counsel should have objected to the court sentencing defendant based on drug quantities that were not found by a jury.

*A. Legal Standard*

In determining whether a habeas petitioner's trial counsel acted ineffectively, the court applies the general ineffective assistance of counsel standard identified by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner must satisfy a two-part test in order to prevail on an ineffective assistance of counsel claim. First, he must demonstrate that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. The court gives considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is

strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Second, a habeas petitioner must show that the trial counsel's deficient performance prejudiced him, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

## *B. Plea Negotiations*

Defendant first argues that his counsel did not properly inform him regarding a plea. According to defendant, "Counsel was not knowledgeable in regards to making a plea agreement happen in the best interest of all parties." He further argues that his counsel was ineffective by not negotiating a plea agreement that would place defendant in the witness protection program, and by not conveying defendant's wishes to the government.

Defendant's counsel has submitted an affidavit stating that he informed defendant that a jury would likely convict him if he went to trial, and that he could receive a life sentence. Counsel recommended that defendant plead guilty, but defendant would not accept a plea offer. According to counsel, defendant maintained his innocence, repeatedly expressed his desire to go to trial, and insisted that he would exercise his right to testify at trial. At one point, defendant told his counsel that he was afraid to plea or provide other evidence because of safety concerns. Defense counsel advised defendant that the government had protective measures available to ensure his safety, but defendant did not trust the protective measures. According to his counsel, defendant responded that he "would rather die of natural causes in prison than die a violent death." The court also notes that the trial in this case lasted ten days, and at no point during the trial did defendant indicate to the court that he would rather enter into a plea agreement than exercise his

right to a jury trial.

The court finds that defendant's allegations of ineffective assistance are not of the detailed and specific nature required in order to carry his burden of proof or present controverted issues of fact. Conclusory allegations of ineffective performance are inadequate to support a claim that defendant was denied adequate counsel. *See Eskridge v. United States*, 443 F.2d 440, 443 (10th Cir. 1971).

The court further finds that defendant has failed to show prejudice. Tellingly, he stops short of alleging that he actually would have accepted a plea if the government agreed to place defendant in the witness protection program. Defense counsel's affidavit indicates that defendant still would not have accepted the plea. In addition, defendant testified at trial that he had no knowledge of any drug trafficking. Defendant appears to take two inconsistent positions. He cannot claim now that he would have truthfully pleaded guilty to the crimes, when he maintained his innocence to his counsel and claimed under oath at trial that he knew nothing about the crimes. The court finds that defendant has failed to establish prejudice or that his counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88.

### *C. Trial Tactics*

Defendant also claims that his counsel's performance was deficient at trial. Specifically, defendant claims that his counsel failed to impeach the government witnesses based upon their agreements with the government. The court finds this argument unsupported by the record. For example, when defense counsel cross-examined Everardo Vega-Vega, counsel asked several questions about Mr. Vega-Vega's cooperation with the government and its effect on his sentence. Trial Tr. Vol. IV, at 688-90. Defense counsel also questioned Mr. Vega-Vega about inconsistencies in statements that he gave to law

enforcement. Trial Tr. Vol. IV, at 690-712. Defense counsel even requested a special jury instruction to highlight witness credibility issues. Trial Tr. Vol. VI, at 1401-04. And during closing argument, defense counsel summarized defendant's theory of the case by stating: "So basically the main evidence against my client is the testimony of the witnesses who were being paid in a reduction of jail time to testify against him." Trial Tr. Vol VI, at 1427-28. Counsel then pointed out inconsistencies in witnesses' testimony, attacking their credibility. Trial Tr. Vol VI, at 1430-33. At sentencing, defense counsel again raised the issue of government witnesses' inconsistent testimony. He argued that because of the inconsistencies, the court should not apply the obstruction of justice enhancement or the enhancement for role in the offense. Sent. Tr., at 118-19, 148-51.

Based on the court's review of the record, the court finds that defendant's claim that his counsel failed to attack the credibility of government witnesses is unfounded. Moreover, even if defense counsel erred in his trial tactics, strategy, or policy, those mistakes do not constitute a deprivation of effective assistance of counsel. *United States v. Nolan*, 571 F.2d 528, 534 (10th Cir. 1978). The court will grant relief only if the issues raised by defendant involve a "fundamental defect" causing a "complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974). It is defendant's duty to prove otherwise, and he has failed to do so. *United States v. Rantz*, 862 F.2d 808, 811 (10th Cir. 1988) (quoting *Strickland*, 466 U.S. at 687-88, 692).

As a final note, defendant raised this issue with the court prior to sentencing. At the sentencing hearing, the court made the following finding:

> I would make the finding that at this point I would find that in regards to your legal representation, that it would appear to the court that you've attempted to adequately represent him through your filing of motions, pretrial motions, through your arguments in support of those motions, through your representation at trial, through your arguments

-5-

> during opening statement, through your cross-examination of the witnesses provided by the Government, as well as the presentation of the defendant's case. You filed post-trial motions, you filed objections to [the] presentence investigation report, you've also filed a motion for a downward departure. I would find that at this point, he has not been denied effective assistance of counsel.

Sent. Tr., at 115.

Defendant has failed to show that his counsel's performance at trial fell outside the range of competence demanded of attorneys.

### *D. Sentencing Representation*

Defendant also claims that his trial counsel was ineffective because he did not argue to the court that defendant could not be sentenced based on a quantity of drugs that was not presented to the jury and found beyond a reasonable doubt. The court finds that counsel was not ineffective for failing to make this argument. The argument would not have prevailed for the reasons set forth below in the discussion on *Apprendi v. New Jersey.*

### II.  *Apprendi v. New Jersey*

Defendant's second claim is that the court violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), when it attributed a larger amount of drugs to defendant at sentencing than the jury found. *Apprendi* held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt." 530 U.S. at 490.

The jury's verdict indicated that it found defendant guilty of conspiring to distribute and possess with intent to distribute more than one kilogram of methamphetamine, which means the statutory maximum sentence was life imprisonment under 21 U.S.C. § 841(b)(1)(A)(viii). The life sentence imposed by the

court fell within the statutory maximum sentence based upon the quantity of drugs the jury attributed to defendant. *See United States v. Quary*, 2003 WL 256900, at *1 (10th Cir. Feb. 6, 2003) (holding that factors enhancing sentence did not need to be submitted to a jury under *Apprendi* where statutory maximum was a life sentence and defendant received a life sentence). Defendant's sentence therefore was not contrary to *Apprendi.*

In his reply brief, defendant expands his *Apprendi* argument, and submits that *Blakey v. Washington*, 542 U.S. 296 (2004), also requires that the court vacate his sentence. The Supreme Court issued *Blakely* in 2004. The court entered judgment in this case in 2001, and the Tenth Circuit affirmed in 2002. Because *Blakely* does not apply retroactively, *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005), defendant is not entitled to relief.

### III.  Disparity in Sentencing

Defendant next argues that he received a harsher sentence than his co-conspirators because he exercised his right to a jury trial. Generally, a claim of disparity in sentencing is not cognizable under § 2255. *United States v. Hutchinson*, 1994 WL 123325, at *2 (10th Cir. Apr. 11, 1994) (citing *Castaldi v. United States*, 783 F.2d 119, 124 (8th Cir. 1986)). The court should consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct when sentencing a defendant." 18 U.S.C. § 3553(a)(6). But "the purpose of the guidelines is to 'eliminate unwarranted disparities [in sentencing] nationwide,' not to eliminate disparity between co-defendants." *United States v. Gallegos*, 129 F.3d 1140, 1143 (10th Cir. 1997) (citation omitted). Disparate sentences are permitted "'where the disparity is explicable by the facts on the record.'" *United States v. Garza*, 1 F.3d 1098, 1100 (10th Cir. 1993) (citation omitted).

The facts on the record justify the differences between defendant's sentence and his codefendants' sentences. For instance, none of the other defendants or witnesses was subject to the same sentencing enhancements as defendant, and most received some reductions in their sentence; each defendant who pleaded guilty was entitled to an acceptance of responsibility reduction, and many also received § 5K1.1 downward departures for cooperating with the government. "[C]ircumstances affecting one defendant often justify a different sentence than that imposed on a codefendant." *Randall v. United States*, 324 F.2d 726, 727 (10th Cir. 1963). The court finds that any disparity in sentencing was warranted and that defendant is not entitled to relief on this basis.

**IV. Disproportionate Sentence**

Defendant's final argument is that his sentence was too harsh and violated the Eighth Amendment's prohibition against cruel and unusual punishment. The court "applies a 'narrow proportionality principle' in analyzing non-capital sentences under the Eighth Amendment." *United States v. Munro*, 394 F.3d 865, 872 (10th Cir. 2005) (citation omitted). "[A] sentence is unconstitutional only if, 'based generally on a review of the gravity of the offense and comparing sentences imposed on other criminals and for other crimes in the jurisdiction,' the court finds 'extreme circumstances . . . [that] lead[ ] to an inference' that the sentence is grossly disproportionate to the crime." *United States v. Ratzlaff*, 160 Fed. Appx. 721, 725 (10th Cir. 2005) (additional internal quotation marks and citations omitted). Generally, a sentence within statutory limits does not violate the Eighth Amendment. *See United States v. Delacruz-Soto*, 414 F.3d 1158, 1168 (10th Cir. 2005) (citation omitted).

The court imposed defendant's sentence based upon the large quantity of illegal drugs distributed by defendant's drug trafficking organization, the possession of firearms in connection with the drug

-8-

trafficking, defendant's supervisory role in the organization, and his perjury at trial. Although defendant had no prior convictions, his lack of criminal history was simply insufficient to overcome the other factors at play in this case. The court is not unsympathetic to the severity of a life sentence on a young defendant with no criminal history. The sentence was within the statutory limits, however, and the court finds that defendant has not established that it violates the Eighth Amendment's prohibition against cruel and unusual punishment.

## V. Conclusion

The files and records conclusively show that defendant is not entitled to relief. Accordingly, no evidentiary hearing is required. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

**IT IS THEREFORE ORDERED** that the Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 245) is denied.

Dated this 31st day of March 2006, at Kansas City, Kansas.

                          **s/ Carlos Murguia**
                          **CARLOS MURGUIA**
                          **United States District Judge**